**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>        )<br>            Plaintiff,  )<br>    v.      )<br>        )<br>HILDA GOMEZ,    )<br>        )<br>            Defendant.  ) | Criminal Action<br>No. 07-05068-01-CR-SW-FJG |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Declare Charging Statutes Unconstitutionally Vague [Doc. # 59]. The government has responded to that motion. [Doc. # 60].

Defendant asserts that the indictment against her should be dismissed because 8 U.S.C. § 1324 and 18 U.S.C. § 1028A are unconstitutionally vague. It is defendant's position that § 1324 and § 1028A (Aggravated Identity Theft) are void for vagueness because the phrases in these statutes: "conceals, harbors, or shields from detection"; "encourages or induces an alien to come to, enter, or reside in the United States"; "for the purpose of commercial advantage and private financial gain"[1]; and "knowingly transferred, possessed, or used a means of identification of another person

---

[1] The government states that the "for commercial advantage" language in the indictment is surplusage and should be disregarded. [Government's Response, at 1-2, n.1]. Accordingly, the Court will not address defendant's arguments regarding this phrase.

1

during and in relation to a felony," do not provide fair warning of prohibited conduct, and impermissibly fail to establish standards for the police and public that sufficiently guard against the arbitrary deprivation of liberty. Defendant acknowledges that her research has failed to find precedent dealing with the specific legal arguments as to vagueness regarding the statutes challenged.

Defendant was indicted as an aider and abettor on all three counts of the indictment. She is charged in Count I with aiding and abetting others, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, by concealing, harboring, or shielding from detection an alien at George's Processing, Incorporated, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) and 18 U.S.C. § 2. In Count II, the indictment charges that she, by aiding and abetting others, encouraged and induced an alien to come to, enter, or reside, in the United States, knowing and in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of the law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (B)(i), and 18 U.S.C. § 2. In Count III, the indictment charges that she, by aiding and abetting others, including Leopoldo Hernandez-Alcon, knowingly transferred, possessed, or used a means of identification of another person, which are 1) a Missouri non-driver's license in the name of Brandon Delgado-Garza, and 2) a Social Security Card in the name of Brandon Delgado-Garza, during and in relation to a felony violation of 18 U.S.C. § 911 by Leopoldo Hernandez-Alcon, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2.

It is defendant's contention that 8 U.S.C. § 1324 and 18 U.S.C. § 1028A are unconstitutional, in violation of the Fifth and Fourteenth Amendments, because reasonable people would have to guess at the meaning of the statutes and could reach different conclusions about their meaning, and

2

that they are, therefore, void for vagueness. Defendant also asserts that the statutes fail to establish minimal guidelines to govern law enforcement. She submits that she is a low-level receptionist at a company, where she has no financial stake, whose job it is to merely photocopy identification documents of job applicants and forward them to her superiors for approval or denial and for hiring decisions. She contends that the fact that she has been alleged to have "harbored" aliens, to have "encouraged and induced an alien to come to, enter, or reside in the United States," and to have "knowingly transferred, possessed, or used a means of identification of another person during and in relation to a felony," while the employer was not charged, demonstrates the lack of fair warning, and the gross injustice that the vague language affords the government in its arbitrary and discriminatory application of the statutes. It is her position that these phrases are central to the inquiry as to the unconstitutionality of the statutes on vagueness grounds. Defendant cites cases from the Ninth, Second, Fifth, and Sixth Circuits to support her contention that there is confusion and disagreement concerning the meaning of the phrase "conceals, harbors, or shields from detection," which "realizes the Supreme Court's fear of a vague statute, in that it delegates basic policy matters, such as which conduct constitutes harboring and which does not, to 'policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.'" [Defendant's Motion, at 9, citing Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972)]. She submits that Counts I, II, and III of the indictment should be dismissed.

The government asserts that all of the cases cited by defendant provide a definition of "harboring" that encompasses language to the effect of "substantially facilitating" an alien's remaining illegally in this country. The government also cites several cases with this language, and

3

relies on a case analyzing a prior version of the harboring statute in which it was determined not to be unconstitutionally vague as applied to employers.

Because the Eighth Circuit does not have model jury instructions for either offense, the government relies on model jury instructions from other circuits to support its argument that neither 8 U.S.C. §§ 1324(a)(1)(A)(iii) nor (iv) are unconstitutionally vague. It provides the same analysis for 18 U.S.C. § 1028A. It is contended that the elements are very straightforward in both statutes, and require that a defendant knew or acted in reckless disregard of the fact that an alien entered or resided/remained in the United States illegally, and "that the defendant did something to make it easier for the alien to enter or reside/remain in the United States." [Government's Response at 5]. The government points out that defendant focuses on the conduct set forth in the element that makes it illegal to "conceal, harbor, or shield from detection an alien," or "encourage or induce an alien to enter or reside in the United States." [Id.]. The government argues that there is nothing particularly complex or difficult to understand about these statutes, and that there is nothing that would fail to inform a person of ordinary intelligence what is proscribed by these phrases. With the same analysis, it is contended that, regarding aggravated identity theft, there is nothing complex about the term "knowingly transferred, possessed, or used a means of identification of another person during and in relation to a felony" because a person of ordinary intelligence would know that it is illegal to use or possess someone else's identification while pretending to be a United States citizen. Because the statutes clearly set forth the terms of what is proscribed, the government asserts that they do not lend themselves to arbitrary enforcement.

The general "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited

4

and act accordingly . . . ." United States v. Bewig, 354 F.3d 731, 737 (8th Cir. 2003), quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983). Unconstitutionally vague statutes are those which are not subject to reasonable interpretation. See Grayned, 408 U.S. at 112; Parker v. Levy, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.") To that end, an enactment is void for vagueness if its prohibitions are not clearly defined. Grayned, 408 U.S. at 108. The Supreme Court has explained, however, that "condemned to the use of words, we can never expect mathematical certainty from our language." Id. at 110. "Perfect clarity and precise guidance have never been required, even of regulations that restrict expressive activity." Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989). Clearly, the Constitution does not require the legislature to incorporate Webster's Dictionary into each statute in order to insulate it from vagueness challenges. See Dennis v. Poppel, 222 F.3d 1245, 1260 (10th Cir. 2000).

In determining whether a statute is impermissibly vague, courts generally look to "the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." Postscript Enters., Inc. v. Whaley, 658 F.2d 1249, 1255 (8th Cir.1981) (quoting Balthazar v. Superior Court, 573 F.2d 698, 700 (1st Cir.1978)). Additionally, "the fact that Congress might, without difficulty, have chosen '[c]learer and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." United States v. Powell, 423 U.S. 87, 94 (1975) (citation omitted). The law is well-established, moreover, that in cases where First Amendment freedoms are not involved, the Court must evaluate the vagueness challenge based on the particular facts of the case and not with regard to the statute's facial validity. Maynard v. Cartwright, 486

5

U.S. 356, 361 (1988); United States v. Mazurie, 419 U.S. 544, 550 (1975); United States v. Maull, 806 F.2d 1340, 1344 (8th Cir. 1986).

"A statute can be impermissibly vague for either of two independent reasons." Hill v. Colorado, 530 U.S. 708, 732 (2000). First, to survive a vagueness challenge, the statute must provide adequate notice of the proscribed conduct. Kolender, 461 U.S. at 357. That is, whether it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provide[s] explicit standards for those who apply [it]." Grayned, 408 U.S. at 108. This test is to be applied to the person of common intelligence and what that person would reasonably understand, rather than what a particular defendant understands the statute to mean. United States v. Washam, 312 F.3d 926, 929-30 (8th Cir. 2002). Second, a statute is not void for vagueness if it does not lend itself to arbitrary, erratic enforcement. Kolender, 461 U.S. at 357; Colautti v. Franklin, 439 U.S. 379, 390 (1979). Criminal statutes are generally subject to greater scrutiny because of the potentially severe consequences of imprecision. Kolender, 461 U.S. at 358-59 n.8. Notwithstanding, because the classification of a federal statute as void for vagueness is a significant matter, the law is clear that, "[e]very reasonable construction must be resorted to, in order to save a statute from unconstitutionality." Chapman v. United States, 500 U.S. 453, 464 (1991) (citation omitted).

According to the most recent pronouncement by the Supreme Court, "[w]hat renders a statute 'vague' is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved, but rather the indeterminacy of precisely what that fact is." United States v. Williams, 128 S.Ct. 1830 (2008). Justice Scalia, writing for the majority, noted that "the Court has therefore struck down statutes that tied criminal culpability to

6

whether the defendant's conduct was 'annoying' or 'indecent,' which have been deemed to be wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings." [Citations omitted].

Having fully reviewed the arguments of the parties, the statutes at issue, and relevant case law, the Court finds that it must be recommended that defendant's Motion to Declare Charging Statutes Unconstitutionally Vague be denied. In reviewing defendant's "void for vagueness" challenge in this case, the Court must first review the language of the statutes and determine if persons of ordinary intelligence could contemplate what is prohibited. The statutes under which defendant has been charged , 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (iv), and 18 U.S.C. § 1028A, contain specific statutory elements, which must be proven beyond a reasonable doubt before she can be convicted. First, the government must prove that defendant concealed, harbored, or shielded an illegal alien from detection at George's; and/or that she encouraged and induced an alien come to, enter, or reside in the United States; and/or that she transferred, possessed, or used an identification of another person, during and in relation to a felony violation of 18 U.S.C. § 911. Second, the government must prove that the defendant did so knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law. With respect to the aiding and abetting aspect of the charge, the government will need to prove that these crimes were committed, and that defendant helped to commit the crimes or encouraged someone else to commit the crimes, intending to do so. That is the illegal conduct proscribed by 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (iv), and 18 U.S.C. § 1028A. Defendant contends that the phrases she challenges are not established, well-defined legal concepts, and because the courts have yet to adequately define them, it is not possible to credibly

7

assert that an ordinary person should be able to do so. Rather, she contends that the only certainty is that police, prosecutors, and judges are the arbiters of what is criminal.

Despite defendant's arguments to the contrary, this Court finds, after careful review, that the statutes do give persons of ordinary intelligence fair notice of what conduct is forbidden by the statute. By way of example, if defendant did not know that a person was an illegal alien or did not act with reckless disregard of illegal status, her conduct, even if it satisfied the concealment, harboring, or shielding element of the statute, would not be proscribed by statute. While the words may not be precise, it is clear from a thorough review of case law, that a dictionary definition with precision is not required. As submitted by the government, it is the nature of the law that statutes are subject to interpretation. Although language such as "harboring" or "encouraging" may not be as clear as that enunciated in other federal statutes, that fact does not mean that the statute is unconstitutionally vague under the Supreme Court's standards. The words used in these statutes are common words and "the likelihood that anyone would not understand any of those common words seems quite remote." Hill,, 530 U.S. at 732. Furthermore, the cases cited by defendant indicate that courts in other jurisdictions have been fairly consistent in holding that "harboring" encompasses language to the effect of "substantially facilitating" an alien's remaining illegally in this country or to afford shelter to an improperly admitted alien. See, e.g. United States v. Lopez, 521 F.2d 437, 441 (2nd Cir. 1975); United States v. Varkonyi, 645 F.2d 453 (5th Cir. 1981); United States v. Acosta De Evans, 531 F.2d 428 , 434 (9th Cir. 1976); Susnjar v. United States, 27 F.2d 223, 224 (6th Cir. 1928). Although there appears to be a dearth of case law on the meaning of the language "encouraging or inducing an alien to enter or reside," the Court believes that language is fairly straightforward under common

8

usage of those words and understandable by a person or ordinary intelligence. Given that the purpose of the statutes in question is to prevent aliens from entering or remaining in the United States illegally, and because the law requires that the offender takes such action knowing or in reckless disregard that his or her conduct will substantially facilitate or encourage such illegal presence, the Court finds that the vagueness challenge must fail. The same finding is true for § 1028A, where the Court believes that the language is even more clear as to what conduct is proscribed. It cannot seriously be argued that a person of common intelligence would not understand the meaning of transferring, possessing, or using the identification of another without authority during a "false personation of citizenship," which is defined by statute. 18 U.S.C. § 911. Therefore, the Court finds that the challenged statutes afford persons of ordinary intelligence fair notice of what conduct is forbidden, and cannot be deemed to be void for vagueness on that basis.

Additionally, the statutes survive the second vagueness test because the Court does not believe that they lend themselves to arbitrary or discriminatory enforcement. Defendant contends, basically, that because she has been charged, as a low-level employee, and because the employer has not been, the statute has to have been arbitrarily applied. The Court relies, however, on the broader inquiry set forth by the Supreme Court: The danger intended to be avoided by the second step of the Kolender test is arbitrary and erratic extension of the scope of the law because of the vagueness of the statute. As noted by the Eighth Circuit, the law requires that Congress provide "minimal requirements to guide law enforcement in order to prevent police officers, prosecutors, and juries from pursuing their 'personal predilections.'" Washam, 312 F.3d at 931, quoting Kolender, 461 U.S. at 358. Having fully and carefully reviewed the

statutes herein, the Court is satisfied that the statutes set forth at least minimal requirements to guide law enforcement and to avoid prosecution on the basis of personal bias or whim or unfettered discretion. While "enforcement requires the exercise of some degree of police judgment," the Court finds that the degree of judgment involved under these statutes is acceptable. Grayned, 408 U.S. at 114.

Turning to the application of the statutes to defendant, she argues that, even if the statutes are not facially void, they are void as applied to her. She submits that she is a low-level receptionist at a company, where she has no financial stake, whose job it is to merely photocopy identification documents of job applicants and forward them to her superiors for approval or denial and for hiring decisions. In terms of the meaning of "harboring," she assets that a reasonable analysis "yields little understanding" in applying the language to the facts of her case. [Defendant's Motion, at 7]. When she addresses "encouraging and inducing," she guesses that the government's "application of this phrase to the alleged conduct in this case is an aberration." [Id. at 10]. In regard to § 1028A, defendant asserts that there is no authority for the application of facts such as exist in her case to charge a crime under this statute.

The government contends that defendant's real complaint is that because she is a low-level employee, she should not be charged with these crimes. It is asserted by the government that the evidence will show, among other things, that defendant served as a trainer for George's, that she was responsible for processing documents and applications, and that she was presented with information from alien applicants that both directly and indirectly informed her that they were illegal. It is contended that she acted as an aider and abettor in assisting George's and the alien applicants, and that the government's theory of her guilt is not based solely on the fact that

she worked as an employee for George's. Therefore, the government submits that the application of these statutes is not impermissible under the vagueness doctrine.

The Court agrees with the government that defendant appears to be attempting to argue her trial defense under a vagueness argument. Whatever evidence the government might have to support its prosecution of defendant and whatever evidence defendant might have to support her defenses are evidentiary matters to be presented at trial. At this stage of the proceedings, there is no way to know what facts will actually be proven at trial. Therefore, the crucial factual context against which the statutes are to be judged is not certain at this time. Accordingly, the Court finds that defendant has failed to establish that the statutes are void as applied to her.

Based on the foregoing, the Court finds that defendant has failed to establish, in her facial challenge to the statutes in question, that they are unconstitutionally void for vagueness. Additionally, it is the Court's finding that she has failed to demonstrate that the statutes are unconstitutionally vague as applied to her. Therefore, it will be recommended that defendant's Motion to Declare Charging Statutes Unconstitutionally Vague be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Declare Charging Statutes Unconstitutionally Vague be denied. .

    /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 07/29/08